By the Court.
The matter of the ballots of Mercer county having been submitted to the state supervisor of elections, for the reason that no decision of the objections could be arrived at by the deputy state supervisors of Mercer county, they being equally divided, and the state supervisor having made his decision, the question is whether such decision is final, and whether, under the statute, the court of common pleas has jurisdiction to interfere by injunction or otherwise.
So much of section 10 of the ballot law, as bears on this question is as follows:
“Certificates of nomination and nomination papers, when filed, shall be preserved and be open, under proper regulation, to public inspection'; the certificates of nomination and nomination papers being so filed, if in apparent conformity with the provisions of this act, shall be deemed to be valid, unless objection thereto is duly made in writing, within five days after the filing thereof. Such objections or other questions arising in the course of the nomination of candidates for state offices and presidential electors shall be considered by the secretary of state, and his decision shall be final. Such objections or other questions arising in the course of nominations of candidates for county offices or offices of a district lying *176 within a county, shall be considered by the deputy state supervisors of the county, and objections or questions arising in the course of nomination of candidates for district or' circuit offices or offices in a subdivision of a district shall be considered by the chief deputy state supervisors and clerks of said election boards of the several counties comprising the district, circuit or subdivision, and their decision shall be final; but in case no decision can be arrived at, the matter in controversy shall be submitted to the state supervisor of elections, who shall summarily decide the question thus submitted to him, and his decision shall be final.” (90 0 L., 269.)
It will be noticed that the decision of the board of deputy supervisors, as well as the decision of the district or circuit board, is final. Also, that the decision of the state supervisor is final, whether made as to candidates for state officers or presidential electors, in the first instance, or county, district or circuit officers, upon submission by those boards. The statute provides that the questions shall be summarily decided, and that the decision shall be final. This necessarily excludes the jurisdiction of the court of common pleas, as to the subject matter, and it is clear that the judge of the court of common pleas was without jurisdiction, and that his order granting the injunction was utterly void and of no effect, and furnishes no excuse for the refusal to obey the order of the state supervisor of elections.
It is urged that if the action of the state supervisor is final, and if the courts of the state have no jurisdiction to interfere, then this court has no jurisdiction in this case. The answer is that the action of the state supervisor is final as to the *177 questions submitted to him, and courts have no jurisdiction of these questions; but when those questions are decided by the state supervisor, and the duties of the county board fixed, it becomes the duty of such board to obey the order of the state supervisor, and if the members of the county board refuse to execute the order of the state supervisor, they can be compelled to do so by mandamus. This is not invading the exclusive jurisdiction of the state supervisor, but is commanding obedience to his order after his jurisdiction has been exhausted. This court may in any case compel by mandamus “the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.” (Section 6741, Revised Statutes.) The state supervisor having, by his decision, determined the names to be placed upon the ballots for Mercer county, it is by statute made the duty of the deputy supervisors to cause the ballots to be printed and distributed. This legal duty they refused to perform, and the court has jurisdiction and power to compel performance by mandamus.

The demurrer is, therefore, sustained, and a preerryptory xorit of mandamus awarded.